IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


**TED ROTH, M.D.**                                                                    **PLAINTIFF**

V.                                                         CAUSE NO. 3:16cv849-LG-JCG

**ALAN M. POLLACK;
ROBINSON BROG LEINWANT
GREEENE GENOVESE & GLUCK, P.C.;
MAXEY WANN, PLLC; WILLIAM G. HUSSEY;
S. MARK WANN; XYZ CORP 1-10; and
JOHN DOES 1-10**                                                                **DEFENDANTS**


### ORDER REQUIRING PLAINTIFF TO PROVIDE SUPPORTING MEMORANDUM

**BEFORE THE COURT** is the Motion to Remand and for Sanctions and Attorneys Fees [4] filed by Ted Roth without a supporting memorandum. In his Motion Plaintiff states that "due to the straightforward issue in this motion and the simplicity of the jurisdictional question, Plaintiff request the Court waive the requirements of Local Rule 7.1 requiring a memorandum of authorities." *See* Plaintiff's Motion to Remand, ¶ 1. Plaintiff did not file a separate motion as required by Local Rule 7(b) and no order allowing Plaintiff to forgo the memorandum brief requirements of Rule 7(b)(4) has been entered. For the following reasons, Plaintiff shall file a memorandum brief in support of his Motion.

Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi provides, "At the time the motion is served, other than motions or

-1-

applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant **must** file a memorandum brief in support of the motion." (emphasis added). Plaintiff's Motion is essentially a dispositive motion that calls into question the jurisdiction of the Court. Defendant's response and memorandum tend to demonstrate that the "jurisdictional question" is neither straightforward or simple.

Pursuant to Local Rule 16(b)(1)(B) the case has been stayed pending a ruling on the Motion to remand. And while a motion to dismiss has been filed on behalf of several of the Defendants, the question of the Court's jurisdiction must first be resolved. *See e.g. Harden v. Field Memorial Community Hospital*, 516 F.Supp.2d 600 (S.D.Miss.2007), *aff'd*, 265 Fed.Appx. 405 (5th Cir.2008); *See also Andrews v. Mississippi Farm Bureau Cas. Ins. Co.*, 2016 WL 4204044, at *2 (S.D. Miss. May 17, 2016).

Roth is ordered to file a memorandum in support of his Motion to Remand and for Sanctions and Attorneys Fees within five days of the date of this Order. The time for Defendants to file a supplemental response and memorandum brief will begin to run on the date that Plaintiff's memorandum is filed. A rebuttal brief may be filed within the time allowed by the local rules.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Ted Roth is ordered to file a memorandum brief in support of his Motion to Remand and for Sanctions and Attorneys Fees [4] within five days of the date of this Order.

-3-

**IT IS FURTHER ORDERED AND ADJUDGED** that the text Order entered November 22, 2016 is set aside. Plaintiff's Motion for additional time to file a Reply brief is denied as moot.

**SO ORDERED AND ADJUDGED** this the 29th day of November, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE